1  Thomas C. Hurrell, State Bar No. 119876
   E-Mail: thurrell@hurrellcantrall.com
2  Farid A. Sharaby, State Bar No. 278259
   E-Mail: fsharaby@hurrellcantrall.com
3  HURRELL CANTRALL LLP
   300 South Grand Avenue, Suite 1300
4  Los Angeles, California 90071
   Telephone: (213) 426-2000
5  Facsimile: (213) 426-2020

6  Attorneys for Defendants, COUNTY OF LOS ANGELES (erroneously sued and
   served as Los Angeles County and Anchorage 47) and MICHAEL BLENK
7

8              UNITED STATES DISTRICT COURT

9      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11 CHRISTOPHER JACKSON, an          FEDERAL COURT NO.
   Individual,
12                                  STATE CASE NO. 21STCV21939
              Plaintiff,
13                                  **NOTICE OF REMOVAL AND
        v.                          REMOVAL OF ACTION UNDER 28
14                                  U.S.C. §§ 1441 AND 1446 ON
   LOS ANGELES COUNTY, a            BEHALF OF DEFENDANTS
15 Government Entity; ANCHORAGE 47, COUNTY OF LOS ANGELES AND
   a Government Entity; MICHAEL     MICHAEL BLENK;
16 BLENK, in his employment capacity DECLARATION OF FARID A.
   and as an Individual; DOE        SHARABY**
17 DEFENDANTS 1-20, Inclusive,
                                    [State Action Assigned to Hon. Richard
18            Defendants.           J. Burdge, Dept. 37]

19                                  Action Filed:  06/14/21]

20 TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

21         PLEASE TAKE NOTE that defendants COUNTY OF LOS ANGELES

22 (erroneously sued and served as Los Angeles County and Anchorage 47) ("COLA")

23 and MICHAEL BLENK (collectively "defendants") hereby remove this action from

24 the Superior Court of the County of Los Angeles, Central District to the United

25 States District Court, Central District of California.  Defendants effect this removal

26 pursuant to 28 U.S.C. §§ 1441 and 1446 on the following factual bases:

27         1.    On June 14, 2021, plaintiff CHRISTOPHER JACKSON ("plaintiff")

28 filed a Complaint in the Superior Court of California, County of Los Angeles,

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

Central District in the action entitled *Christopher Jackson v. Los Angeles County, et al.*, Case No. 21STCV21939.  Declaration of Farid A. Sharaby ("Decl. Sharaby"), ¶ 3.  The Summons and Complaint are attached as Exhibit "A" to the Declaration of Farid A. Sharaby.

2.      Plaintiff served the Summons and Complaint on COLA on December 3, 2021.  Decl. Sharaby, ¶ 4.  Plaintiff served defendant MICHAEL BLENK on December 22, 2021.  Decl. Sharaby, ¶ 4.

3.      In the Complaint, plaintiff brings two federal civil rights claims.  The first is brought pursuant to 42 U.S.C. § 1983 claiming violations of plaintiff's rights under the Fourth Amendment of the United States Constitution against all defendants.  Decl. Sharaby, ¶ 5; Exh. "A."  The second is brought pursuant to 42 U.S.C. § 1981 claiming violations of plaintiff's rights against defendant MICHAEL BLENK.  Decl. Sharaby, ¶ 5; Exh. "A."

4.      Thus, this is a federal civil rights action over which this Court has original jurisdiction as to all defendants.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  Accordingly, defendants have the right to remove this case to this Court.  *See* 28 U.S.C. § 1441(a) ("…any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants…"); 28 U.S.C. § 1446 (setting forth procedures for removal).

5.      In the Complaint, plaintiff also brings state law causes of action for conversion and negligence.  Decl. Sharaby, ¶ 6; Exh. "A."  All of plaintiff's causes of action brought under federal and state law arise from the same factual allegations: plaintiff, who is black, and his partner, who is white, bought a yacht; the docking manager for Anchorage 47, Michael Blenk, discriminated against plaintiff due to plaintiff's race by not including plaintiff on the lease agreement; after plaintiff was robbed in the dock, Blenk evicted plaintiff and the dock master said "we don't want

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

-2-

this behavior around here"; Blenk had the yacht towed away to a guest dock; the yacht was then impounded; in the process of gathering the funds to reacquire the yacht, plaintiff learned Anchorage 47 had the yacht destroyed without giving plaintiff notice.  Decl. Sharaby, ¶ 7; Exh. "A."  When an action originally filed in state court is removed to federal court, the federal tribunal has jurisdiction to determine not only the federal claims, but all pendent state claims which derive "from a common nucleus of operative fact."  *United Mine Workers v. Gibbs*, 383 US 715, 725 (1966); *see also* 28 U.S.C. §§ 1367(a) and 1441(c).

6.     Venue is proper in this Court as the alleged wrongful conduct occurred in the County of Los Angeles and the named defendants reside therein.  28 U.S.C. §§ 84(c)(2), 1391, 1446.

7.     This Notice of Removal is being filed with this Court less than 30 days after plaintiff served COLA with the Summons and Complaint, which service was made on December 3, 2021.  Decl. Sharaby, ¶ 8.

8.     This Notice of Removal is being contemporaneously filed in this Court as well as the Superior Court of California, County of Los Angeles, Central District.  Decl. Sharaby, ¶ 9.


DATED: January 3, 2022              HURRELL CANTRALL LLP



                                    By: _____
                                        THOMAS C. HURRELL
                                        FARID A. SHARABY
                                        Attorneys for Defendant COUNTY OF
                                        LOS ANGELES (erroneously sued and
                                        served as Los Angeles County and
                                        Anchorage 47) and MICHAEL BLENK

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE  (213) 426-2000

**HURRELL CANTRALL LLP**
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

## DECLARATION OF FARID A. SHARABY

I, Farid A. Sharaby, declare:

1. I am an attorney duly licensed to practice before this Court and am a partner of Hurrell Cantrall LLP, attorneys of record for defendants COUNTY OF LOS ANGELES (erroneously sued and served as Los Angeles County and Anchorage 47) ("COLA") and MICHAEL BLENK (collectively "defendants") herein. The facts set forth herein are of my own personal knowledge and if sworn I could and would testify competently thereto.

2. I make this declaration in support of defendants's Notice of Removal and Removal of Action Under 28 U.S.C. §§ 1441 and 1446 on Behalf of Defendants County of Los Angeles and Michael Blenk.

3. On June 14, 2021, plaintiff CHRISTOPHER JACKSON ("plaintiff") filed a Complaint in the Superior Court of California, County of Los Angeles, Central District in the action entitled *Christopher Jackson v. Los Angeles County, et al.*, Case No. 21STCV21939. The Summons and Complaint is attached hereto as Exhibit "A."

4. Plaintiff served the Summons and Complaint on COLA on December 3, 2021. Plaintiff served defendant MICHAEL BLENK on December 22, 2021. MICHAEL BLENK consents to this case being removed to federal court.

5. In the Complaint, plaintiff brings two federal civil rights claims. The first is brought pursuant to 42 U.S.C. § 1983 claiming violations of plaintiff's rights under the Fourth Amendment of the United States Constitution against all defendants. The second is brought pursuant to 42 U.S.C. § 1981 claiming violations of plaintiff's rights against defendant MICHAEL BLENK.

6. In the Complaint, plaintiff also brings state law causes of action for conversion and negligence.

7. All of plaintiff's causes of action brought under federal and state law arise from the same factual allegations: plaintiff, who is black, and his partner, who

-1-

is white, bought a yacht; the docking manager for Anchorage 47, Michael Blenk, discriminated against plaintiff due to plaintiff's race by not including plaintiff on the lease agreement; after plaintiff was robbed in the dock, Blenk evicted plaintiff and the dock master said "we don't want this behavior around here"; Blenk had the yacht towed away to a guest dock; the yacht was then impounded; in the process of gathering the funds to reacquire the yacht, plaintiff learned Anchorage 47 had the yacht destroyed without giving plaintiff notice.

8.    This Notice of Removal is being filed with this Court less than 30 days after plaintiff served COLA with the Summons and Complaint, which service was made on December 3, 2021.

9.    This Notice of Removal is being contemporaneously filed in this Court as well as the Superior Court of California, County of Los Angeles, Central District.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 3 , 2022, at Los Angeles, California.

_____
Farid A. Shahaby

-2-

# Exhibit "A"

Electronically FILED by Superior Court of California, County of Los Angeles on 06/14/2021 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk
21STCV21939

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LOS ANGELES COUNTY, a Government Entity; ANCHORAGE 47, a Government Entity;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CHRISTOPHER JACKSON, an Individual;

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* LOS ANGELES COUNTY SUPERIOR COURT <br><br> 111 North Hill St. Los Angeles, CA 90012 | **CASE NUMBER:** *(Número del Caso):* <br> 21STCV21939 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Theida Salazar, Esq. 2140 North Hollywood Way, #7192 Burbank, CA 91510 818.433.7290

| DATE: *(Fecha)* 06/14/2021 Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by *(Secretario)* | R. Perez | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served



[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* LOS ANGELES COUNTY

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☒ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 3 DEC 2021

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form. | Print this form | Save this form | Clear this form

Electronically FILED by Superior Court of California, County of Los Angeles on 06/14/2021 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk
21STCV21939

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td></td><td style="text-align:right">FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LOS ANGELES COUNTY, a Government Entity; ANCHORAGE 47, a Government Entity;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CHRISTOPHER JACKSON, an Individual;

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr>
<td>The name and address of the court is:<br>(El nombre y dirección de la corte es): LOS ANGELES COUNTY SUPERIOR COURT<br><br>111 North Hill St. Los Angeles, CA 90012</td>
<td>CASE NUMBER: (Número del Caso):<br>21STCV21939</td>
</tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Theida Salazar, Esq. 2140 North Hollywood Way, #7192 Burbank, CA 91510 818.433.7290

<table>
<tr>
<td>DATE:<br>(Fecha) 06/14/2021</td>
<td>Sherri R. Carter Executive Officer / Clerk of Court</td>
<td>Clerk, by<br>(Secretario)</td>
<td>R. Perez</td>
<td>, Deputy<br>(Adjunto)</td>
</tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): ANCHORAGE 47 / BEACH & HARBORS   *LA COUNTY*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☒ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☒ by personal delivery on (date): 3 DEC 21

Page 1 of 1

**SUMMONS**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear
This Form button after you have printed the form.    | Print this form | Save this form |   | Clear this form |

Electronically FILED by Superior Court of California, County of Los Angeles on 06/14/2021 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk
21STCV21939

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LOS ANGELES COUNTY, a Government Entity; ANCHORAGE 47, a Government Entity;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CHRISTOPHER JACKSON, an Individual;

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* LOS ANGELES COUNTY SUPERIOR COURT<br><br>111 North Hill St. Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):*<br><br>**21STCV21939** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Theida Salazar, Esq. 2140 North Hollywood Way, #7192 Burbank, CA 91510 818.433.7290

| DATE:<br>*(Fecha)* 06/14/2021 | Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by<br>*(Secretario)* | R. Perez | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Anchorage 47, a government entity

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* Government entity

4. ☒ by personal delivery on *(date):* 12/22/21

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.    Print this form    Save this form    Clear this form

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Jackson v Los Angeles County, et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

MICHAEL BLENK, in his employment capacity and as an Individual;
DOE DEFENDANTS 1-20, Inclusive,

Page ___2___ of ___2___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]   [ Clear this form ]

electronically FILED by Superior Court of California, County of Los Angeles on 00/14/2021 12.00 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk

21STCV21939

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Richard Burdge

**THEIDA SALAZAR** SBN: 295547
**LAW OFFICES OF THEIDA SALAZAR**
2140 North Hollywood Way  #7192
Burbank, California 91510
P: (818) 433-7290
F: (818) 436-4009
E: salazarlawgroup@gmail.com

*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CHRISTOPHER JACKSON, an Individual; | Case No.:  21STCV21939 |
| Plaintiff, | **COMPLAINT** |
| v. | 1. **UNLAWFUL SEIZURE** |
| LOS ANGELES COUNTY, a Government Entity; ANCHORAGE 47, a Government Entity; MICHAEL BLENK, in his employment capacity and as an Individual; DOE DEFENDANTS 1-20, Inclusive, | 2. **CONVERSION** 3. **NEGLIGENCE** 4. **RACE DISCRIMINATION** |
| Defendants. |  |

COMES NOW, Plaintiff, CHRISTOPHER JACKSON, by and through undersigned counsel and in support complains, alleges and avers a Complaint as follows:

CJ COMP| 1

## JURISDICTION AND VENUE

1. This is a civil complaint brought in United States District Court under Federal and California state statutes prohibiting unlawful seizure, discrimination and redress for deprivation of rights under these laws.

2. Plaintiffs' statutory claims arise under including but not limited to 42 U.S.C. §1982 and 42 U.S.C §1983.

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1332.

4. This action, also, includes claims arising out of California state law, which is joined pursuant to the doctrine of supplemental jurisdiction and 28 U.S.C. §1367(a). Plaintiff files claims for unlawful seizure of property, negligence and disparate treatment due to discrimination.

5. Jurisdiction in this case is also proper pursuant to California Government Code §8315.

6. During the relevant time period, Defendants are government entities and governmental employees that operate, supervise, manage and control harbors and beaches within the County of Los Angles, State of California, specifically the small harbor located in Marina Del Rey, California.

7. Venue is proper in the District of California pursuant to 28 U.S.C. §1391(b) because the claimed unlawful discrimination practices were committed in and arose in the District of California. Further, the venue is, also, proper Code of Civil Procedure §395(a).

8. The amount in controversy in this matter exceeds the sum of $75,000, exclusive of interest and costs.

## PARTIES

9. Plaintiff, CHRISTOPHER JACKSON ("Christopher") is an individual and is now, and at all times mentioned in this Complaint was a Los Angeles County resident that owned and occupied a boat located Marina Del Rey, California.

CJ COMP| 2

10. Defendant, LOS ANGELES COUNTY ("County") is a Government Entity that operating, supervising and controlling harbors and beaches within the County of Los Angles, State of California and employing persons within the State of California.

11. Defendant, ANCHORAGE 47 ("Anchorage 47") is a Government Entity that operating and managing the Marina Del Rey small craft harbor within the County of Los Angles, State of California and employing persons within the State of California.

12. Defendant, MICHAEL BLENK ("Michael") is an individual that is employed as dock master to that manage ANCHORAGE 47 within the County of Los Angles, State of California.

13. Plaintiffs sue DOES 1 through 20, inclusive, herein under fictitious names. Plaintiffs do not know their true names and capacities. When Plaintiffs ascertain the DOE Defendants' true names and capacities, Plaintiffs will amend this Complaint by inserting their true names and capacities. Plaintiffs are informed and believes, and on the basis of that information and belief alleges each Defendant named herein as a DOE acted with the other defendants and is responsible for the damages to Plaintiffs herein alleged. Each reference in this Complaint to Defendants, or to any of them, also refers to all Defendants sued under fictitious names.

14. Plaintiffs are informed and believes, and on the basis of that information and belief alleges each of the Defendants sued herein are the agents, servants, employees, licensees, guarantees, invitees, or assignees of each other, and in doing the things herein alleged acted within the course and scope of such agency, employment guaranty, assignment, license, invitation and/or relationship and with the full knowledge and consent of the other.

15. At all relevant times mentioned herein, Defendants aided and abetted the acts and omissions of the other Defendants in proximately causing the damages alleged herein.

## **FACTUAL ALLEGATIONS**

16. This case is a pervasive deprivation and unlawful case whereby Defendants reprehensibly and repetitively violated several well established laws.

17. In and around late 2016, Christopher and his partner, Robert Borgese ("Robert"), decided to partner together and buy a boat at issue in this case.

18. Christopher and Robert bought a 1976 Pacemaker Yacht with corresponding HIN: PAC32541MJ; collectively they named the yacht Pleasure ("yacht").

19. That in 2016, Christopher with his business partner Robert, a Caucasian male, met Michael for the first time realizing that Michael was indeed property and docking manager for Anchorage 47.

20. Christopher states that Michael discriminated against him from the onset in 2016.

21. Christopher states that although he and his partner, both, applied for the rental space for the yacht, Michael because of Christopher's race, purposefully and inexplicable failed to include Christopher on the lease agreement for Anchorage 47.

22. Thus only Robert's name was on the lease without any reasonable explanation for excluding Christopher from the lease agreement.

23. Here this deliberate omission of Christopher from the lease agreement evidencing outright and blatant discrimination by denying Christopher a business and accommodation opportunity due to his African-American race.

24. This lease agreement omission due to prejudice and inequity, will eventually become an additional vivid manifestation of the discrimination three years later.

25. Subsequently, Michael bought out Robert and gained ownership of the boat on 2019.

26. As stated, Christopher lived and operated peacefully for three years by paying for his slip fees via cashier's check to Anchorage 47 which was readily received by Anchorage 47 with Christopher's signature.

27. Yet, when a problem occurred on the yacht Anchorage 47 and Michael showed discrimination against Christopher.

28. On July 31, 2019, a robbery took place upon yacht whereby Christopher was stabbed in the neck and leg as well as robbed of personal property.

29. This is indicative that Christopher was indeed a victim of the robbery.

30. Nonetheless, less than 24 hours from the robbery, Michael immediately served Christopher with a notice to vacate the yacht from Anchorage 47.

31. The dock master, when Michael served the eviction notice, he stated, "we don't want this behavior around here."

32. Christopher was confused as well as disheartened given that he was a victim of a robbery that occurred because of Defendants' failure to properly maintain the gate that allows entry to the Anchorage 47 docks.

33. Moreover, Christopher attempted to deduce who are the alleged "we" as well as feeling degraded as if he was an outcast rather than a slip paid resident at Anchorage 47.

34. That when this ridiculous discriminatory statement was accompanied by his supervisor Ms. Penelope Rodriguez whom additionally failed to provide a proper stance for the situation.

35. Most notably, this robbery was due to the Anchorage 47's own negligent conduct regarding its subject premises by failing to properly maintain the entry gate to ensure that said gate would lock and prevent strangers from entering the docks.

36. Therefore, the criminal that committed the robbery walked freely onto the docks and onto Christopher yacht by gaining access to enter because of the broken gate and then having the freedom to escape by exiting said gate.

37. Exactly, September 11, 2019, forty-five days (45) days from the date of the robbery, Michael had Christopher's yacht towed by private towing company.

38. The company then towed the yacht to the LA County's city's guest dock ("guest dock") alleging that yacht was disabled therefore needing to be relocated away from Anchorage 47.

CJ COMP| 5

39. Christopher states after being at the guest dock, he requested a two (2) week extension so he could find a slip yet Christopher but the guest dock denied the request which was followed with the statement the guest dock work closely with Anchorage 47.

40. This denial, again, shows stereotyping, prejudice and racial motivation regarding Christopher and his ownership of the yacht.

41. On September 22, 2019, eleven (11) days after visiting the guest dock, Christopher discovered and was told that this yacht had been towed by the Marina Del Rey Sheriffs to the Shore Patrol Impound.

42. The very next day, concerned, Christopher went to the Shore Patrol Impound.

43. The Shore Patrol Impound allowed to retrieve personal property that he could carry in his hands; that was very odd but Christopher complied with said directions.

44. Thereafter, while at the Shire patrol Impound, Christopher request the price for storage of the yacht; he was told the storage fees would be $21.00 per day.

45. Realizing he had to gather the funds for the impoundment, Christopher contacted the Shore Patrol Impound several times to inquiring about his yacht.

46. Engaging in proper professional conduct as expected, Shore Patrol Impound, would politely give Christopher updates regarding the status of his yacht.

47. On January 3, 2020, Christopher went to Shore Patrol Impound with the $2,800.00 to procure his yacht.

48. Unfortunately, Christopher was then told that the storage fees were thirty-five ($35) dollars per day; thus payment due and owing was now $4000.

49. The increase in daily fees prevented Christopher from retrieving the yacht on said date but Christopher was still in the process of collecting the necessary funds to retrieve the yacht.

50. Christopher kept close telephone contact with the Shore Patrol Impound.

CJ COMP| 6

51. That first week of the pandemic with the entire country was under stay at home orders preventing Christopher to go to Shore Patrol Impound in person.

52. In fact, due to the impounding of the yacht, Christopher was indeed homeless and using monies, that could be toward retrieving the yacht, on Airbnb for residential living.

53. That Shore Patrol Impound contacted Christopher and told him the yacht was taking on 21,000 gallons of water per day and had to be pumped out continuously.

54. Additionally, appropriately, Shore Patrol Impound requested whether Christopher wanted to come retrieve the yacht or sign the yacht over to the Shore Patrol Impound.

55. That Christopher, politely, stated that he did not want to sign the vessel over to the Shore Patrol Impound.

56. Moreover, Christopher stated that he would garner the seven thousand ($7000.00) dollars to get his yacht back.

57. Two (2) days later the Sergeant at Shore Patrol Impound called Christopher and stated that Anchorage 47 took possession and towed the yacht with a private tow company to a lot that crushed and destroyed the yacht despite the fact that all Christopher's belongings as well as financial ownership of the yacht.

58. Defendants failed to provide proper notice to Shore Patrol Impound as well as the owner Christopher Jackson.

59. Christopher states that due to the Defendants' subtle pervasive discrimination as well as failure to recognize its own failures that caused the robbery have committed exuberant financial expenses in this matter.

60. Thus, in order to receive recompense and true justice, Christopher is filing this lawsuit.

## FIRST CAUSE OF ACTION
### UNLAWFUL SEIZURE – 42 U.S.C. § 1983
**(All Defendants)**

61. Plaintiffs refer to and incorporate the factual allegations set forth in paragraphs one (1) through sixty (60) above as though fully set forth hereafter.

62. Civil Rights Law codified as 42 U.S.C. §1983 states, "[a]ll citizens of the United States shall have the *same right,* in every State and Territory, *as is enjoyed by white citizens* thereof to *inherit, purchase, lease, sell,* hold, and convey *real and personal property.*" (bolded and italicized for emphasis)

63. Essentially, to prove and claim a cause of action for unlawful seizure pursuant to 42 U.S.C. §1983, Plaintiff needs to assert these two things: a person subjected the plaintiff to conduct that occurred under color of state law and said conduct deprived the plaintiff of rights, privileges, or immunities guaranteed under federal law or the U.S. Constitution.

64. Here, Defendant County and Anchorage 47 are persons being sued in this case.

65. Additionally, Michael is being sued in his individual capacity in this claim.

66. Furthermore, Christopher states that the Defendants engaged in an unlawful seizure of his yacht.

67. Defendants, and each of them, have violated Christopher's 4th Amendment right by unlawfully seizing and destroying Christopher's yacht without any warrant, notice, warning or legal exception to engage in seizing conduct in this matter.

68. Nonetheless, Defendants, an each of them, engaged is said conduct when:

   (a) Defendants implied that Christopher was responsible for being robbed when in fact it was the Defendants neglected proper maintenance over the gate which caused the robbery.

   (b) Defendants towed the yacht at issue numerous time and the final towing included the destruction of the yacht which just as unlawful as the aforementioned seizure.

69. Most abhorrently, Defendants failed to notify Sheriff's Shore Patrol Impound of the removal of said yacht at issue.

70. Here, it is clear that Defendants' conduct was unlawful seizure of the yacht at issue.

71. Additionally, Defendants erred in notifying Christopher of the multiple towings of the yacht.

72. In fact, Defendant, and each of them, intentionally engaged in the unlawful seizure of the yacht.

73. That Defendants County and Anchorage 47 were engaging in unlawful actions while in said official duties and capacities.

74. That Defendant Michael was engaging in unlawful seizing of the yacht as an individual person.

75. That the Defendants', each of them, conduct violated Christopher's right to maintain ownership of his yacht as well as personal property; these acts are unlawful and genuinely unacceptable.

76. Thus, Defendant acts and omissions were the substantial factor of the improper seizure that Christopher endured in this matter.

77. Defendants' actions are intentional and done with willful disregard for the well-established and well-known legal rights of Christopher.

78. Christopher experiences and endures actual damages in an amount subject to proof at trial.

## SECOND CAUSE OF ACTION
### CONVERSION

79. Plaintiffs refer to and incorporate the factual allegations set forth in paragraphs one (1) through seventy-eight (78) above as though fully set forth hereafter.

80. "Conversion is the wrongful exercise of dominion over the property of another." *Lee v. Hanley* (2015) 61 Cal.4th 1225, 1240.

81. "The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Id.*

82. Furthermore, herein, Christopher asserts that Defendants, and each of them, wrongfully exercised control over Christopher's yacht and personal property within the yacht.

83. That Christopher had a right to own and possess the yacht and definitely his personal property within the yacht that was taken and subsequently destroyed in this case.

84. That Defendants, and each of them, substantially interfered with Christopher's property by knowingly towing the yacht on multiple occasions as well as destroying the yacht without any required notice of the same.

85. That Defendants, and each of them, unlawfully engaged in the following acts :
    (a) unlawfully talking possession of Christopher's yacht and the personal property within;

    (b) unlawfully preventing Christopher to have continual access to the yacht and his personal property within and

    (c) unlawfully and unnoticed destroying the yacht and all of Christopher's property within said yacht.

86. That Christopher did not agree nor consent with any of these actions.

87. That Christopher definitely did not agree to the destruction of his yacht as well as his personal property with the yacht.

88. That Defendants' conversion of his yacht and personal property, Christopher was significantly financially harmed due to the Defendants destructive acts.

89. It is clear Defendants unleashed significant financial harm because the harm rendered Christopher homeless thereby causing him to rent from Airbnb which further indebted and added to Christopher's financial harm.

90. In this case, Defendants County and Anchorage hired Michael thereby each Defendant is responsible for the acts committed in this case.

91. In this case, Defendants, and each of them including its employees and staff members acted negligibly and in reckless disregard of the probability that Christopher would suffer financial distress.

92. Defendants, and each of them including, its employees and staff members' conduct was a substantial factor in causing Christopher's financial harm and damages.

93. Defendants, and each of them including, its employees and staff members' conduct was the proximate cause of Christopher's financial harm and damages.

94. That Christopher incurred severe financial damages from Defendants, and each of them including, its employees and staff members' acts and omissions in this matter.

95. Defendant acted maliciously and oppressively negligent, in reckless and careless disregard of Plaintiff's rights causing to harm Plaintiff.

96. As a substantial, direct and proximate result of Defendants' conduct, Plaintiff suffered general damages in an amount to be determined by proof at trial.

### THIRD CAUSE OF ACTION
#### NEGLIGENCE

97. Plaintiffs refer to and incorporate the factual allegations set forth in paragraphs one (1) through ninety-six (96) above as though fully set forth hereafter.

98. *California Civil Code section 1714(a)*, states: "[e]veryone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person."

CJ COMP| 11

99. Defendants, and each of them, owned, operated, managed and maintained the subject premises Anchorage 47.

100. That Defendants, each of them, entered into an agreement with Christopher regarding the yacht and its docking position with Anchorage 47.

101. That Christopher signed the leasing agreement and complied with all of the policies and procedures of Anchorage 47.

102. That in return Defendants, and each of them, owed a general duty of reasonable care at the Anchorage 47 subject premises.

103. Thus, Defendants, and each of them, had a general duty of reasonable care, inspection and maintenance owed to Christopher, especially because Christopher was a paying legal resident on said premises for docking at Anchorage 47.

104. That Defendants, and each of them, had a legal obligation to operate, maintain and manage the subject premises in a safe and reasonable manner in an effort to protect the resident of Anchorage 47.

105. That Defendants, and each of them, had a duty to use due care in the Anchorage 47 subject premises so as to not not cause injury to its leased residents.

106. Furthermore, Anchorage 47 failed to meet said duty.

107. Defendants, and each of them, failed to protect Christopher from harm, by failing to safely and properly maintain the gate on said subject premises which led to a robbery thereby failing the duty owed to Christopher.

108. That Defendants, and each of them, failed to engage in lawful activated with Christopher's yacht and personal property, by failing to inform and negligibly destroying Christopher's yacht and personal property within demonstrates yet another failed duty owed to Christopher.

109. Harm to Christopher was a foreseeable.

110. However, Defendants, and each of them, breached the duty of care owed to the Christopher by improperly maintaining the subject premises under the circumstances then and there existing; failing to exercise reasonable and ordinary care in the maintenance of the premises under the circumstances then and there existing; failure to abide by California Codes and in other respects not now known to the Christopher but which may be discovered and become known prior to or at the time of trial.

111. That Defendants, and each of them, failed to use reasonable care by unlawfully destroying Christopher's yacht and personal property within the yacht.

112. That, Defendants and each of them, given the circumstances, used unreasonable conduct by inappropriately and ignoring the dangerous condition of the unlocked gate which subsequently caused Christopher's physical and financial injuries.

113. As a further proximate result of the condition and actions completed by Defendants', Christopher has incurred, and will continue to incur expenses.

114. Defendants acted negligently, in reckless and careless disregard of Christopher's rights and safety thereby causing to harm to Christopher.

115. Defendants' acts and omissions were a substantial factor, direct and proximate cause in causing Christopher's injuries and financial damages; thus Defendants is liable for negligence.

116. That Christopher suffered financially and emotionally after the negligent experiences he endured as Defendants' resident.

117. As a direct and proximate result of Defendants' conduct, Christopher suffered general damages in an amount to be determined by proof at trial.

## FOURTH CAUSE OF ACTION
### RACE DISCRIMINATION
### (Defendant Michael)

118. Plaintiffs refer to and incorporate the factual allegations set forth in paragraphs one (1) through one-hundred and seventeen (117) above as though fully set forth hereafter.

119. Civil Rights Law codified as 42 U.S.C. §1981 states, "*[a]ll persons* within the jurisdiction of the United States shall *have the same right* in every State and Territory to make and enforce contracts, *to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens*, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." (bolded and italicized for emphasis)

120. Further, "[t]o state a § 1981 claim, a plaintiff must plead "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerns one or more of the activities enumerated in the statute." *Keum v. Virgin Am., Inc.*, (2011) 781 F. Supp. 2d 944, 954.

121. Essentially, discrimination, normally, requires the simple elements that a Defendant subjecting a citizen of a different race to disparate benefits than white citizens.

122. In this case Christopher alleges that Michael treated his disparately on several occasions, namely upon his fist interaction with Michael; Michael intentionally failed to place Christopher's name on the lease despite the same applications with the same information.

123. Furthermore, Christopher alleges that the destruction of the yacht and his personal property was intentionally done to prevent an African-American man from owning a yacht as well as being a resident of Anchorage 47.

124. In fact, the lease only contained the name of Robert who is Caucasian.

125. Christopher proves that the Defendants intentionally discriminated against Christopher.

126. Christopher vehemently states from day one, the first day of interaction, Christopher believed and now understands that Michael made decisions regarding the circumstances herein were due to Christopher's African-American race.

127. Christopher's African-American race was a the determinative factor in Michael's actions when Michael engaged in the following actions:

(a) failed to include Christopher's name on the lease;

(b) assumed that Christopher was bringing deviant event to Anchorage 47;

(c) stating to Christopher, in typical racist lingo, that "we don't want this behavior around here," which is a completely horrendous statement to pelt against a resident and victim

(d) unjustifiably evicting Christopher and

(e) unlawfully destroying Christopher's yacht and personal property possessions within the yacht.

128. Here the evidence demonstrates that Michael was refused to be on the lease agreement despite his application and no articulated reason for the negating to include Christopher's name of the lease agreement as well as the relentless pursuit of Michael to remove and destroy Christopher's yacht.

129. In this instance Christopher's race was the determinative factor in Michael's unlawful decisions herein.

130. Here, given the facts and actions aforementioned, intentional discrimination may be inferred from the existence of said facts.

131. Thus, Defendant acts and omissions were the substantial factor of the race discriminatory harm that Christopher endured in this matter.

132. However, it is clear that if not for Christopher's African-American race the aforementioned actions would not have occurred in this matter.

133. It is clear that Michael discriminated against Christopher.

134. In this case, Christopher was harmed physically and financially.

135. Christopher experiences and endures actual damages in an amount subject to proof at trial.

**WHEREFORE**, Plaintiffs, each, pray for judgment against Defendant American Airline, and each of them as follows:

1. For general damages according to proof;
2. For medical and related expenses according to proof;
3. For prejudgment interest;
4. For post judgment interest;
5. For costs of suits incurred herein; and
6. For such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

DATED this day 30th May, 2021.

THEIDA SALAZAR SBN: 295547
**LAW OFFICES OF THEIDA SALAZAR**
2140 North Hollywood Way #7192
Burbank, California 91510
P: (818) 433-7290
F: (818) 436-4009
E: salazarlawgroup@gmail.com
*Attorney for Plaintiffs*

CJ COMP| 16

1  **THEIDA SALAZAR** SBN: 295547
   **LAW OFFICES OF THEIDA SALAZAR**
2  2140 North Hollywood Way #7192
   Burbank, California 91510
3  P: (818) 433-7290
   F: (818) 436-4009
4  E: salazarlawgroup@gmail.com

5  *Attorney for Plaintiffs*

6                    **UNITED STATES DISTRICT COURT**

7                    **CENTRAL DISTRICT OF CALIFORNIA**

8                                              Case No.: **21STCV21939**

9

10 CHIRSTOPHER JACKSON, an Individual;

11                 Plaintiff,              **NOTICE OF CASE MANAGEMENT CONFERENCE**

12 v.

13 LOS ANGELES COUNTY, a Government Entity;
   ANCHORAGE 47, a Government Entity;      DATE:   MARCH 14, 2022
14 MICHAEL BLENK, in his employment capacity
   and as an Individual; DOE DEFENDANTS 1-20,  TIME:  8:30AM
15 Inclusive,
                                          DEPT:   37
16                 Defendants.

17

18

19      COMES NOW, Plaintiff, CHRISTOPHER JACKSON, and provides notice of a

20 Case Management Conference to be held on March 14, 2022, at 8:30 am at 111 North Hill

21 Street Los Angeles, CA 90012. This hearing will be in Department 37 of the Stanley Mosk

22 Courthouse.

23

24

25

26

27                                                          CJ NCMC| 1

28

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is **2140 N. Hollywood Way #7192 Burbank, CA 91510**.

     On December 19th, 2021, I served the foregoing document described as **NOTICE OF CASE MANAGEMENT CONFERENCE,** on interested parties in this action by personally serving a true and correct copy thereof addressed as follows:

### SEE ATTACHED MAILING LIST

[ X ]  (VIA ELECTRONIC MAIL)
[ X ]  I electronically delivered to the above-referenced documents to the email stated below:
[ X ]  (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

                                 Theida Salazar, Esq.

## SERVICE LIST

**RE:   Los Angeles Superior Court Case # 21STCV21939**

**TO:   Los Angeles County**
      **500** W. Temple St.
      Ste 383
      Los Angeles, California 90012

*Attorneys for Defendants*

CJ NCMC| 2